512 F.2d 447
 89 L.R.R.M. (BNA) 2431, 77 Lab.Cas. P 11,012
 GENERAL MOTORS CORPORATION, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
GENERAL MOTORS CORPORATION, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
and
International Union of Electrical, Radio and Machine
Workers, AFL-CIO, and its Locals 801, 755, 509 and
416, Intervenors.
 Nos. 74-1839, 74-1840.
 United States Court of Appeals,
Sixth Circuit.
 March 25, 1975.
 
 Russell J. Thomas, Jr., Frazer F. Hilder, Detroit, Mich., for petitioner.
 Peter G. Nash, Gen. Counsel, John Irving, Deputy Gen. Counsel, Patrick H. Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, John D. Burgoyne and Judith D. Wilkenfeld, N.L.R.B. Washington D. C., for respondent.
 Before WEICK, McCREE and MILLER, Circuit Judges.
 
 ORDER
 
 1
 This appeal is before the Court on petitions filed by General Motors for the review of two orders issued against it by the National Labor Relations Board. Appeal No. 74-1839 stems from an order pertaining to the collective bargaining agreement with the U.A.W. in effect at the company's plant in Warren, Michigan. This case has been consolidated with appeal No. 74-1840 involving a similar dispute arising at the General Motors facility at Dayton, Ohio. The International Union of Electrical, Radio and Machine Workers (I.U.E.) and its local unions have intervened in the latter case. In each case the Board has cross-applied for the enforcement of its orders.
 
 
 2
 Both controversies center upon virtually identical provisions in the respective collective bargaining agreements wherein the unions (U.A.W. and I.U.E.) agreed to a ban on the general distribution of literature except as specifically provided for elsewhere in the contract. After individual charges were filed with the Board, the General Counsel issued complaints alleging that the provisions constituted unfair labor practices in violation of Section 8(a) (1) of the National Labor Relations Act. 29 U.S.C. § 158(a)(1). The parties waived a hearing and submitted the cases directly to the Board for decision on the basis of stipulated facts. In both instances the Board found that the provisions were invalid since they impinged upon the employees' Section 7 rights to select or reject a bargaining representative. As a consequence, the company was ordered to cease and desist from adhering to any such provision prohibiting the distribution of literature concerning the selection or rejection of a bargaining representative or any other matters relating to the exercise by employees of their rights guaranteed by Section 7 of the Act. Additionally, in No. 74-1840, the Board also specifically invalidated the provision insofar as it banned the dissemination of material in support of or in opposition to candidates for union office. The company contends that to the extent the orders cover the exercise of any other Section 7 rights and the conduct of intraunion elections, they constitute impermissible extensions of the Supreme Court's decision in N. L. R. B. v. Magnavox Co. of Tennessee, 415 U.S. 322, 94 S.Ct. 1099, 39 L.Ed.2d 358 (1974).
 
 
 3
 The Court in Magnavox struck down the company's distribution ban because it possibly could dilute the employees' rights under Section 7 of the Act. Rights relating to the selection or rejection of a bargaining representative were considered too fundamental to be waived by a contractual provision. In the present case, we believe that the election of officers has a significant bearing on the character of the union and hence contributes to the selection or rejection of the union as the employees' bargaining representative. Consequently, we agree with the Board that a ban on the distribution of literature pertaining to the candidacy of individuals for union office is invalid under the Magnavox decision.
 
 
 4
 However, we find that the orders are not enforceable insofar as they refer to other matters related to the exercise of Section 7 rights. The scope of these orders is too broad since they do not correspond with the violations actually found. See N. L. R. B. v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930 (1941).
 
 
 5
 It is therefore ordered and adjudged that the orders of the Board as modified herein should be, and the same are, hereby enforced.